**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ZOGENIX, INC. and ZOGENIX INTERNATIONAL LTD.,<br><br>                              Plaintiffs,<br><br>          v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>                              Defendants. | C.A. No.  21-cv-1252 (RGA)<br>Consolidated |
| ZOGENIX, INC. and ZOGENIX INTERNATIONAL LTD.,<br><br>                              Plaintiffs,<br><br>          v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>                              Defendants. | C.A. No.  21-cv-1533 (RGA) |

## DEFENDANTS APOTEX INC.'S AND APOTEX CORP.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Apotex Inc. and Apotex Corp. (collectively, "Defendants" or "Apotex"), by their undersigned counsel, hereby submit this Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Zogenix, Inc. and Zogenix International Ltd. ("Plaintiffs"), and state as follows:

### General Denial

Pursuant to Fed. R. Civ. P. 8(b) (3), Apotex denies all allegations in Plaintiff's Complaint except those specifically admitted below.  Any factual allegation below is admitted only as to the

specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Apotex denies that Plaintiffs are entitled to the relief requested or any other relief. Apotex responds to the Complaint as follows:

## NATURE OF ACTION

1. This is an action by Zogenix against Apotex for infringement of United States Patent Nos. 10,947,183 ("the '183 patent") and 10,950,331 ("the '331 patent") (collectively, "the Asserted Patents").

**ANSWER:** This Paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Plaintiff's Complaint purports to state an action for infringement of U.S. Patent Nos. 10,947,183 ("the '183 patent") and 10,950,331 ("the '331 patent"). Apotex denies all remaining allegations of this paragraph.

2. This action arises out of Apotex's filing of Abbreviated New Drug Application ("ANDA") No. 216108 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Zogenix's Fintepla® (fenfluramine) oral solution, CIV (DEA Schedule IV controlled substance) product prior to the expiration of the Asserted Patents. Apotex's proposed generic fenfluramine hydrochloride oral solution, 2.2 mg base/mL product that is the subject of Apotex's ANDA No. 216108 is referred to herein as "Apotex's ANDA Product."

**ANSWER:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that Plaintiffs' Complaint purports to state an action for infringement based on Apotex's filing of Abbreviated New Drug Application ("ANDA") No. 216108 ("Apotex Inc.'s ANDA") with the U.S. Food and Drug Administration ("FDA") concerning fenfluramine oral solution, CIV product. Apotex denies all remaining allegations of this paragraph.

## THE PARTIES

3.      Plaintiff Zogenix, Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at 5959 Horton Street, Emeryville, CA 94608. Zogenix, Inc. is a global biopharmaceutical company that develops and commercializes therapies for rare diseases. Zogenix, Inc. owns approved New Drug Application ("NDA") No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla®. Zogenix, Inc. has the sole right to market Fintepla® in the United States.

**ANSWER:**      Apotex lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph, and on that basis denies these allegations.

4.      Plaintiff Zogenix International Ltd. is a corporation organized and existing under the laws of the England and Wales and having a place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK. Zogenix International Ltd. is a wholly owned subsidiary of Zogenix, Inc.

**ANSWER:**      Apotex lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph, and on that basis denies these allegations.

5.      Upon information and belief, Apotex Inc. is a Canadian corporation with its principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

**ANSWER:**      Apotex admits that Apotex Inc. is a Canadian corporation with its principal

place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada. Apotex denies all

remaining allegations of this paragraph.

6.      Upon information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

**ANSWER:**      Apotex admits that Apotex Corp. is a corporation organized and existing

under the laws of the State of Delaware, with its principal place of business at 2400 North

Commerce Parkway, Suite 400, Weston, Florida 33326.  Apotex denies all remaining allegations

of this paragraph.

7.    On information and belief, Apotex Corp. is a subsidiary of Apotex Inc.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, denied.

8.    On information and belief, Apotex Corp. is the designated U.S. agent for Apotex Inc. in accordance with 21 C.F.R. § 314.50(a) in connection with Apotex's ANDA No. 216108.

**ANSWER:**    Apotex admits that Apotex Corp. is the authorized U.S. agent for Apotex Inc. in connection with ANDA No. 216108.  Apotex denies the remaining allegations of this paragraph.

9.    On information and belief, Apotex Corp. is a generic pharmaceutical company that distributes and sells generic pharmaceutical products in the State of Delaware and throughout the United States that are manufactured by Apotex Inc.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

## JURISDICTION AND VENUE

10.    This action arises under the patent laws of the United States, Title 35, United States Code.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, denied.

11.    The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that this Court has subject matter jurisdiction over Plaintiffs' claims for infringement under 35 U.S.C. §271(e)(2)(A) only.

Apotex denies that this Court has subject matter jurisdiction over any claims for infringement asserted by Plaintiffs under 35 U.S.C. § 271(a), (b), or (c).   Apotex denies any remaining allegations contained in of this paragraph.

12.   This Court has personal jurisdiction over Apotex Corp. because Apotex Corp. is incorporated in the State of Delaware.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  Further answering, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

13.   Upon information and belief, Apotex's registered agent for service of process is Corporate Creations Network Inc., with an address at 3411 Silverside Road #104, Tatnall Building, Wilmington, Delaware 19810.

**ANSWER:**   Apotex admits that its registered agent for service of process is Corporate Creations Network Inc., with an address at 3411 Silverside Road #104, Tatnall Building, Wilmington, Delaware 19810.  Further answering, this paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

14.   This Court has personal jurisdiction over Apotex Inc. under Fed. R. Civ. P. 4(k) because, upon information and belief, Apotex Inc. is organized under the laws of Canada.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

5

15.     This Court has personal jurisdiction over Apotex Inc. because at least one of the provisions under Del. Code Ann. Tit. 10, § 3104, is satisfied.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

16.     Upon information and belief, Apotex satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), and § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State").

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

17.     This court also has personal jurisdiction over Apotex Inc. because this suit arises out of and relates to Apotex Inc.'s activities, in concert with Apotex Corp., that are, and will be, directed to Delaware.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

18.     Upon information and belief, following any FDA approval of the Apotex's ANDA, Apotex Inc., in concert with Apotex Corp., will market and sell Apotex's ANDA Product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States, including in this Judicial District.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of this paragraph.

19.     Upon information and belief, Apotex Inc., directly and through its subsidiaries, affiliates, or agents, including Apotex Corp., is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  Apotex denies all remaining allegations of this paragraph.

20.     Upon information and belief, Defendants are agents of each other and/or work in concert with each other on the development, obtaining of regulatory approval, manufacture, marketing, sale, and/or distribution of generic drugs, including the ANDA Product.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  Apotex denies all remaining allegations of this paragraph.

21.     Upon information and belief, and as indicated by Apotex's Notice of Certification Under 21 U.S.C. § 355(j)(2)(B) (§ 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95 (the "Apotex Notice Letter") dated October 12, 2021, Apotex prepared and filed ANDA No. 216108 with the intention of seeking to market Apotex's ANDA Product nationwide, including within this Judicial District.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that it sent a letter dated October 12, 2021 to Plaintiffs which served as written notification pursuant to 21 U.S.C. § 355(j)(2)(B) of:  (1) Apotex Inc.'s ANDA No. 216108; and (2) Apotex Inc.'s Paragraph IV certifications asserting that certain patents listed for FINTEPLA® in the FDA's publication entitled, Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book"),

including the '183 and '331 patents, were invalid, unenforceable, and/or would not be infringed by Apotex Inc.'s ANDA products ("Apotex's Paragraph IV Notice Letter"). Apotex's Paragraph IV Notice Letter satisfied all statutory, legal, and regulatory requirements, and notified Plaintiffs that Apotex was seeking approval for Apotex Inc.'s ANDA No. 216108 prior to the expiration of the '183 and '331 patents. Apotex denies all remaining allegations this paragraph.

22.     Apotex's infringing activities with respect to its filing of ANDA No. 216108 and its intent to commercialize and sell Apotex's ANDA Product have led and/or will lead to foreseeable harm and injury to Zogenix.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required. Further answering, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only. Apotex denies all remaining allegations of this paragraph.

23.     Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) with regard to Apotex Corp., because, upon information and belief, Apotex Corp. resides in the State of Delaware and therefore Apotex's ANDA submission is sufficiently related to this District.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex does not contest venue for the purposes of this action only. Apotex denies all remaining allegations of this paragraph.

24.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b) with regard to Apotex Inc., because, upon information and belief, Apotex Inc. is incorporated in Canada and may be sued in any judicial district in the United States in which Apotex Inc. is subject to the Court's personal jurisdiction.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex does not contest venue for the purposes of this action only. Apotex denies all remaining allegations of this paragraph.

## BACKGROUND

### FINTEPLA

25.     The active ingredient in Zogenix's Fintepla® product is fenfluramine hydrochloride.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that according to the prescribing information for Fintepla® approved on June 2020 and published on FDA's website, the active ingredient in FINTEPLA® is fenfluramine hydrochloride.  Apotex denies all remaining allegations of this paragraph.

26.     Zogenix markets Fintepla® oral solution that contains 2.2 mg/mL fenfluramine, equivalent to 2.5 mg/mL of the hydrochloride salt.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that according to the prescribing information for Fintepla® approved on June 2020 and published on FDA's website, Fintepla oral solution contains 2.2 mg/mL fenfluramine, equivalent to 2.5 mg/mL of the hydrochloride salt.  Apotex denies all remaining allegations of this paragraph.

27.     The FDA-approved Prescribing Information for Fintepla® states that fenfluramine hydrochloride is designated chemically as N-ethyl-α-methyl-3-(trifluoromethyl)phenethylamine hydrochloride.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that according to the prescribing information for Fintepla® approved on June 2020 and published on FDA's website, fenfluramine hydrochloride is designated chemically as N-ethyl-α-methyl-3-(trifluoromethyl)phenethylamine hydrochloride.  Apotex denies all remaining allegations of this paragraph.

28.    Fenfluramine hydrochloride comprises two stereoisomers in a "racemic mixture" (1:1 mixture), which are referred to as "dexfenfluramine" and "levofenfluramine."

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies these allegations.

29.    The precise mechanisms by which fenfluramine exerts its therapeutic effects in the treatment of seizures associated with Dravet syndrome are unknown.

**ANSWER:**    Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

30.    Fenfluramine is an amphetamine analogue that increases the extracellular levels of 5-hydroxytryptamine (5-HT, serotonin) in nervous tissue.

**ANSWER:**    Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

31.    It is currently theorized that fenfluramine acts by increasing extracellular levels of serotonin through interaction with serotonin transporter proteins, by exhibiting agonist activity at serotonin 5-HT1D, 5-HT-2A and 5-HT2C receptors, and by positively modulating the sigma-1 receptor.

**ANSWER:**    Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

32.    Racemic fenfluramine was originally approved in the U.S. in 1973 as Pondimin® (20 mg and 60 mg tablets fenfluramine hydrochloride) and Ponderex® (20 mg capsules fenfluramine hydrochloride) for use as an anorectic agent and was prescribed both alone and in combination with phentermine ("fen-phen") as an appetite suppressant for the treatment of adult obesity. Dexfenfluramine was approved in the U.S. in 1996 as Redux® (15 mg capsules dexfenfluramine hydrochloride) also as an anorectic agent and was also prescribed both alone and in combination with phentermine ("dexfen-phen").

10

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

33.     Fenfluramine was withdrawn from the worldwide market in the late 1990's (1997 in the U.S.) due to drug-related left-sided cardiac valvular disease.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

34.     On March 8, 1999, fenfluramine and the single stereoisomer dexfenfluramine were included in a Federal Register notice identifying drug products that were withdrawn from the U.S. market due to reasons of safety or effectiveness. (64 F.R. 10944.)

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

35.     On September 29, 2015, the FDA provided notice in the Federal Register of its determination that Pondimin® (fenfluramine hydrochloride tablets, 20 mg and 60 mg) and Ponderex® (fenfluramine hydrochloride capsules, 20 mg) were withdrawn from the U.S. market due to reasons of safety or effectiveness. (80 F.R. 58490.)

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

36.     On June 25, 2020, the FDA approved Zogenix's Fintepla® product for the treatment of seizures associated with Dravet syndrome in patients age 2 and older.

**ANSWER:**     This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that according to the FDA's website Drugs@FDA: FDA-Approved Drugs, Fintepla® was approved on June 25, 2020 and the NDA owner is listed as Zogenix, Inc.  Further answering, according to the prescribing information for Fintepla® approved on June 2020 and published on FDA's website, FINTEPLA is indicated for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older. Apotex denies all remaining allegations of this paragraph.

11

37.     Dravet syndrome is a life-threatening, rare and chronic form of childhood-onset epilepsy, often characterized by severe and unrelenting seizures despite medical treatment.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

38.     Dravet syndrome is difficult to treat with one or even two drugs, and generally requires three or four drugs to manage its severe and unrelenting seizures.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

39.     Zogenix demonstrated the effectiveness of Fintepla® for the treatment of seizures associated with Dravet syndrome in combination with other anti-epileptic drugs through two clinical studies.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

40.     The studies measured the change from baseline in the frequency of convulsive seizures.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

41.     In these studies, subjects treated with Fintepla® in combination with stiripentol, clobazam, and valproate had highly significant greater reductions in the frequency of convulsive seizures during the trials than subjects who received placebo, stiripentol, clobazam, and valproate. *See*, *e.g.*, Nabbout, R., Mistry, A., Zuberi, S., Villeneuve, N., Gil-Nagel, A., Sanchez-Carpintero, R., *et al*. (2020); Fenfluramine for treatment-resistant seizures in patients with Dravet syndrome receiving stiripentol-inclusive regimens: a randomized clinical trial. *JAMA Neurology*, 77(3), 300-308. These reductions were seen within 3-4 weeks and remained generally consistent over the 14- to 15-week treatment periods, and these reductions were similarly observed in longterm, open-label studies.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

42.     Zogenix also developed methods to treat, track, and protect Dravet patients taking fenfluramine products.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

43.     The methods Zogenix developed became part of a Risk, Evaluation, and Mitigation Strategy ("REMS") that is required by the FDA, in order to protect patients from heart-valve abnormalities.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

44.     The FDA requires a REMS for any sales of fenfluramine products, including fenfluramine hydrochloride drug products.

**ANSWER:**     Apotex is without sufficient information with which to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

**Orange Book Listing for FINTEPLA**

45.     Zogenix, Inc. holds approved NDA No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla.

**ANSWER:**     This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that according to the FDA's website Drugs@FDA: FDA-Approved Drugs, NDA No. 212102/Fintepla® was approved on June 25, 2020 and the NDA owner is listed as Zogenix, Inc.  Further answering, Apotex admits that according to the prescribing information for Fintepla® approved on June 2020 and published on FDA's website, it contains 2.2 mg/mL fenfluramine hydrochloride and that FINTEPLA is indicated for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older.  Apotex denies all remaining allegations of this paragraph.

46.     Fintepla® has Orphan Drug Exclusivity that does not expire until June 25, 2027.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that the Orange Book in connection with FINTEPLA® lists Orphan Drug Exclusivity with an expiration date of June 25, 2027.  Apotex denies that FINTEPLA® is entitled to Orphan Drug Exclusivity through June 25, 2027.  Apotex also denies any remaining allegations contained in this paragraph.

47.     Because of Fintepla®'s Orphan Drug Exclusivity, no generic version of Fintepla® can be marketed until after June 25, 2027.

**ANSWER**:   Denied.

48.     Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the Asserted Patents are among eleven patents listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Fintepla® NDA, which appear in the Orange Book as follows:

**<ins>Patent Data</ins>**

| Product No | Patent No | Patent Expiration | Drug Substance | Drug Product | Patent Use Code | Delist Requested | Submission Date |
|---|---|---|---|---|---|---|---|
| 001 | 9549909 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603814 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9603815 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 9610260 | 05/03/2033 | | | U-2858 | | 07/24/2020 |
| 001 | 10452815 | 06/29/2038 | | | U-2859 | | 07/24/2020 |
| 001 | 10478441 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10478442 | 05/03/2033 | | | U-2860 | | 07/24/2020 |
| 001 | 10603290 | 08/02/2037 | | | U-2861 | | 07/24/2020 |
| 001 | 10947183 | 12/20/2036 | DS | DP | | | 04/06/2021 |
| 001 | 10950331 | 09/28/2035 | | | U-3098 | | 04/06/2021 |
| 001 | 11040018 | 08/02/2037 | | | U-2861 | | 07/22/2021 |

**ANSWER:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the '183 patent and '331 patent are listed in the electronic Orange Book in connection with FINTEPLA®. Apotex denies any remaining allegations contained in this paragraph.

## The '183 Patent

49. On March 16, 2021, the USPTO issued the '183 patent, titled "Fenfluramine Compositions and Methods of Preparing the Same." The '183 patent is duly and legally assigned to Zogenix International Ltd. A copy of the '183 patent is attached hereto as Exhibit 1.

**ANSWER:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '183 patent is attached to the Complaint as Exhibit 1; that the '183 Patent is entitled "Fenfluramine compositions and methods of preparing the same"; that it bears an issue date of March 16, 2021; and that lists Zogenix International limited as the applicant and assignee. Apotex denies any suggestion that the '183 Patent is valid or enforceable. Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and on that basis denies these allegations.

50. The claims of the '183 patent are directed, *inter alia*, to improved forms of the fenfluramine active ingredient.

**ANSWER:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, denied.

51. The expiration date for the '183 patent is December 20, 2036.

**ANSWER:** Denied.

**The '331 Patent**

52.     On March 16, 2021, the USPTO issued the '331 patent, titled "Control System for Control of Distribution of Medication." The '331 patent is duly and legally assigned to Zogenix International Ltd. A copy of the '331 patent is attached hereto as Exhibit 2.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '331 patent is attached to the Complaint as Exhibit 2; that the '331 Patent is entitled "Control system for control of distribution of medication"; that it bears an issue date of March 16, 2021; and that lists Zogenix International limited as the applicant and assignee.  Apotex denies any suggestion that the '331 Patent is valid or enforceable.  Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and on that basis denies these allegations.

53.     The claims of the '331 patent are directed, *inter alia*, to treatment of refractory epilepsy patients with fenfluramine that reduces the risk of cardiovascular toxicity by using cardiac monitoring and restricted distribution.

**ANSWER:**    This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, denied.

54.     The expiration date for the '331 patent is September 28, 2035.

**ANSWER:**    Denied.

**Apotex's ANDA No. 216108**

55.     By letter dated October 12, 2021 (the "Apotex Notice Letter"), and received by Zogenix by October 13, 2021, Apotex notified Zogenix that it had filed ANDA No. 216108 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act to market and sell Apotex's ANDA Product – generic copies of Zogenix's Fintepla® product – prior to the expiration of the Asserted Patents.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Apotex admits that it sent a letter dated October 12, 2021 to Plaintiffs which served as written notification pursuant to 21 U.S.C. § 355(j)(2)(B) of:  (1) Apotex Inc.'s ANDA No. 216108; and (2) Apotex Inc.'s Paragraph IV certifications asserting that the '183 and '331 patents listed for FINTEPLA® in the Orange Book were invalid, unenforceable, and/or would not be infringed by Apotex Inc.'s ANDA products. Apotex's Paragraph IV Notice Letter satisfied all statutory, legal, and regulatory requirements, and notified Plaintiffs that Apotex was seeking approval for Apotex Inc.'s ANDA No. 216108 prior to the expiration of the '183 and '331 patents.  Apotex denies all remaining allegations this paragraph.

56.    The Apotex Notice Letter states that ANDA No. 216108 seeks to "obtain approval to engage in the commercial manufacture, use or sale" of Apotex's ANDA Product prior to the expiration of the '183 patent and the '331 patent.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it has filed with the FDA Apotex Inc.'s ANDA seeking FDA approval for fenfluramine hydrochloride.  Apotex denies all remaining allegations of this paragraph.

57.    The Apotex Notice Letter asserts that ANDA No. 216108 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(B)(iv)(II) alleging that the '183 patent and the '331 patent "are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of" Apotex's ANDA Product.

**ANSWER:** This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that Apotex's Notice Letter contained a Paragraph IV certification asserting that the '183 and '331 patents listed for FINTEPLA® in the Orange Book were invalid, unenforceable, and/or would not be infringed by Apotex Inc.'s ANDA products and that Apotex's Notice Letter satisfied all statutory, legal, and regulatory requirements.  Apotex denies all remaining allegations this paragraph.

17

58.     Attached to the Apotex Notice Letter was Apotex's Detailed Statement for ANDA No. 216108 ("Apotex's Detailed Statement") asserting the purported factual and legal bases for Apotex's contention that the '183 patent and '331 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug product described in Apotex's ANDA.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that Apotex's Notice Letter satisfied all statutory, legal, and regulatory requirements.  Apotex denies all remaining allegations this paragraph.

59.     Apotex's Detailed Statement alleges that all claims of the '183 patent and '331 patent are invalid.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that Apotex's Notice Letter satisfied all statutory, legal, and regulatory requirements.  Apotex denies all remaining allegations this paragraph.

60.     Apotex's Detailed Statement does not contain a non-infringement argument with respect to claims 25-27 of the '183 patent.

**ANSWER:**   Denied.

61.     Apotex's Detailed Statement does not contain a non-infringement argument with respect to all claims of the '331 patent.

**ANSWER:**   Denied.

62.     Upon information and belief, upon approval of ANDA No. 216108, Apotex will sell and distribute Apotex's ANDA Product throughout the United States.

**ANSWER:**   Denied.

63.     Upon information and belief, Apotex will sell and distribute Apotex's ANDA Product with a product label and REMS substantially the same as for the FDA-approved Fintepla® product.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that it has filed with the FDA Apotex Inc.'s ANDA No. 216108 ("Apotex Inc.'s ANDA") seeking approval for fenfluramine hydrochloride oral solution, 2.2 mg base/mL product solution ("Apotex Inc.'s ANDA Product").  Apotex denies all remaining allegations of this paragraph.

64.   The Asserted Patents listed in the Orange Book cover the use of Fintepla® as indicated on the FDA-approved Fintepla® product label and REMS, and are listed in the Orange Book for that reason.

**ANSWER:**   Denied.

65.   Since Apotex's ANDA Product will have substantially the same label and REMS as the FDA-approved Fintepla® label, the sale and use of Apotex's ANDA Product with its label infringes the Asserted Patents, as detailed further below.

**ANSWER:**   Denied.

## COUNT I

### (Infringement of U.S. Patent No. 10,947,183)

66.   The allegations of paragraphs 1-65 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**   Apotex incorporates its answers to paragraphs 1 through 65 as if fully set forth herein.

67.   Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex's filing of ANDA No. 216108 seeking approval to market Apotex's ANDA Product is an act of infringement of at least claim 25 of the '183 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216108 be a date which is not earlier than the expiration date of the '183 patent.

**ANSWER:**   Denied.

68.   Claim 25 of the '183 patent recites:

25. A composition, comprising fenfluramine and at least one tri-fluoromethyl-phenyl regioisomer of fenfluramine, wherein the at least one trifluoromethyl-phenyl regioisomer of fenfluramine is present in some amount that is less than 0.2% by weight in total of trifluoromethyl-phenyl regioisomers of fenfluramine.

**ANSWER**:      This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '183 patent is attached to the Complaint as Exhibit 1, including claim 25, and speaks for itself.  Apotex denies all remaining allegations of this paragraph.

69.    Apotex, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 25, did not disclose any arguments that its ANDA Product would not infringe claims 25, 26, and 27.

**ANSWER:**    Denied.

70.    Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit . . . an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] . . . for a drug claimed in a patent . . . ."

**ANSWER**:      This Paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that Plaintiffs' Complaint purports to recite a portion of the statute 35 U.S.C. § 271(e)(2)(A), which speaks for itself.  Apotex denies all remaining allegations of this paragraph.

71.    Upon information and belief, Apotex has submitted Apotex's ANDA to market a generic version of Fintepla® that contains a fenfluramine active ingredient that infringes the '183 patent.

**ANSWER:**    Denied.

72.    If Apotex's ANDA Product is approved, Apotex will make, use, import, or offer to sell or sell its ANDA Product in or into the United States, and these acts will infringe at least one claim of the '183 patent under 35 U.S.C. § 271(a), (b), (c), or (g).

**ANSWER:**    Denied.

73. Thus, Apotex's ANDA Product infringes the '183 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**  Denied.

74. The foregoing actions by Apotex constitute infringement of at least claim 25 of the '183 patent.

**ANSWER:**  Denied.

75. Zogenix will be substantially and irreparably harmed if Apotex is not enjoined from infringing one or more claims of the '183 patent. Zogenix has no adequate remedy at law.

**ANSWER:**  Denied.

## COUNT II

### (Infringement of U.S. Patent No. 10,950,331)

76. The allegations of paragraphs 1-75 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**  Apotex incorporates its answers to paragraphs 1 through 75 as if fully set forth herein.

77. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex's filing of ANDA No. 216108 seeking approval to market Apotex's ANDA Product is an act of infringement of at least claim 1 of the '331 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216108 be a date which is not earlier than the expiration date of the '331 patent.

**ANSWER:**  Denied.

78. Claim 1 of the '331 patent recites:

1. A method of treating one or more refractory epilepsy patients with fenfluramine comprising:

providing a data storage facility comprising a database of patient records, each patient record having a medication

authorization field for entering a first prescription for fenfluramine to treat the patient;

a central controller having one or more processors coupled to a communication network, which central controller is coupled to the data storage facility to read and write data to the data storage facility via the network; and

wherein the central controller controls transmission and receipt of data to and from the data storage facility via the network,

the central controller being programed to output via the network a first authorization of a first prescription of epilepsy medication to a patient previously subjected to one or more initial medical tests, each providing an initial medical test result,

wherein the initial medical test is selected from the group consisting of a medical examination by a physician, a genetic test, a physiological function test, and a medical imaging test,

wherein output of the first authorization is dependent upon satisfactory results of one or more of the initial medical tests entered into each patient's record, and

further programed to schedule one or more subsequent tests for each patient prior to allowing entry of a prescription for epilepsy medication in the medication authorization field,

wherein at least one of said subsequent medical tests is an echocardiographic imaging test which echocardiographic imaging test is performed in a manner which provides measurements of dimensions of one or more internal heart structures and heart flow-rate, and the patient receives or continues to receive medication only on entry of satisfactory echocardiography assessment results,

wherein the central controller inhibits the authorization output of the first or subsequent prescriptions upon the entry of
unsatisfactory test results;

wherein the central controller manages one or more aspects of the authorized prescription for the patient selected from the group consisting of dosage amount;

volume dispensed; dosing regimen; and intended time
period of use, whereby overuse or misuse of
fenfluramine is inhibited and

wherein aggregated and analyzed data is reported to a
regulatory agency.

**ANSWER:**   This paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '331 patent is attached to the Complaint as Exhibit 2, including claim 1, and speaks for itself.  Apotex denies all remaining allegations of this paragraph.

79.   Apotex, in its Detailed Statement requiring that it disclose its non-infringement arguments for claim 1 and the other asserted claims, did not provide arguments that its ANDA Product would not infringe all of the '331 patent's claims, but only alleged generally regarding "claims of the '331 Patent" without specifying whether all, rather than just some, claims were alleged not to be infringed.

**ANSWER:**   Denied.

80.   Under 35 U.S.C. § 271(e)(2)(A), "[i]t shall be an act of infringement to submit . . . an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [i.e., an ANDA] . . . for a drug claimed in a patent or the use of which is claimed in a patent . . . ."

**ANSWER:**   This Paragraph contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that Plaintiffs' Complaint purports to recite a portion of the statute 35 U.S.C. § 271(e)(2)(A), which speaks for itself.  Apotex denies all remaining allegations of this paragraph.

81.   Upon information and belief, Apotex has submitted Apotex's ANDA to market a generic Fintepla® for a method of treatment that infringes the '331 patent.

**ANSWER:**   Denied.

82.   Upon information and belief, Apotex had knowledge of the '331 patent prior to infringement.

**ANSWER:**   Denied.

83.   Upon information and belief, Apotex knew that the '331 patent was listed in the Orange Book prior to the filing of its ANDA.

**ANSWER:**   Denied.

84.   Because the '331 patent covers the use of Fintepla®, as stated in the Orange Book, upon information and belief, Apotex knew that its filing of an ANDA to make a generic copy of Fintepla® would infringe the '331 patent.

**ANSWER:**   Denied.

85.   Because the Fintepla® label and REMS encourages infringement of claim 1, and because, upon information and belief, Apotex's label and REMS will be substantially similar to Fintepla®'s label and REMS, Apotex will have a specific intent to actively encourage infringement of claim 1 by marketing its generic copy of Fintepla®.

**ANSWER:**   Denied.

86.   Upon information and belief, Apotex will induce others to infringe and/or contribute to the infringement of at least claim 1 of the '331 patent under 35 U.S.C. § 271(b) and/or (c) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the prescribers, purchasers, distributors, pharmacists, or users thereof.

**ANSWER:**   Denied.

87.   Upon information and belief, if Apotex's ANDA Product is approved, Apotex will make, use, import, offer to sell or sell its ANDA Product in or into the United States, and thereby infringe directly or contribute to or induce infringement of at least one claim of the '331 patent, including at least claim 1, under 35 U.S.C. § 271(a), (b), (c), or (g).

**ANSWER:**   Denied.

88.   Thus, Apotex's ANDA Product infringes the '331 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   Denied.

89.     The foregoing actions by Apotex constitute and/or would constitute infringement of at least claim 1 of the '331 patent.

**ANSWER:**   Denied.

90.     Zogenix will be substantially and irreparably harmed if Apotex is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '331 patent. Zogenix has no adequate remedy at law.

**ANSWER:**   Denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Zogenix requests the following relief:

A.     A judgment that Apotex's submission of ANDA No. 216108 was an act of infringement and that Apotex's making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product prior to the expiration of the '183 patent or '331 patent will infringe each of those patents;

B.     A judgment that the effective date of any FDA approval for Apotex to make, use, offer for sale, sell, market, distribute, or import Apotex's ANDA Product shall be no earlier than the last date on which the '183 patent and '331 patent expire, or the later expiration of any exclusivity to which Zogenix is or becomes entitled;

C.     A permanent injunction enjoining Apotex, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product, and from inducing or contributing to any of the foregoing, prior to the expiration of the '183 patent or '331 patent, or the later expiration of any exclusivity to which Zogenix is or becomes entitled;

D.     A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Zogenix to an award of their reasonable attorneys' fees for bringing and prosecuting this action;

E.     An award of Zogenix's costs and expenses in this action; and

F.     Such further and additional relief as this Court deems just and proper.

**ANSWER TO PRAYER FOR RELIEF:** Apotex denies Plaintiffs are entitled to any of the relief requested in its Prayer for Relief Against Apotex or otherwise.

## APOTEX'S ADDITIONAL DEFENSES

Apotex asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

### FIRST AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '183 PATENT)

The claims of the '183 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND AFFIRMATIVE DEFENSE
### (NO DIRECT INFRINGEMENT OF THE '183 PATENT)

The manufacture, use, offer for sale, sale, or importation of the product described in Apotex Inc.'s ANDA do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '183 patent.

### THIRD AFFIRMATIVE DEFENSE
### (NO INDIRECT INFRINGEMENT OF THE '183 PATENT)

The manufacture, use, offer for sale, sale, or importation of the product described in Apotex Inc.'s ANDA do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the '183 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '331 PATENT)

The claims of the '331 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FIFTH AFFIRMATIVE DEFENSE
### (NO DIRECT INFRINGEMENT OF THE '331 PATENT)

The manufacture, use, offer for sale, sale, or importation of the products described in Apotex Inc.'s ANDA do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '331 patent.

## SIXTH AFFIRMATIVE DEFENSE
### (NO INDIRECT INFRINGEMENT OF THE '331 PATENT)

The manufacture, use, offer for sale, sale, or importation of the product described in Apotex Inc.'s ANDA do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the '331 patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM FOR EXCEPTIONAL OR WILLFUL INFRINGEMENT)

Plaintiffs fail to state a proper claim for an exceptional case and/or willful infringement.

## NINTH ADDITIONAL DEFENSE

Any additional defenses or counterclaims that discovery may reveal.

## TENTH ADDITIONAL DEFENSE
### (LACK OF SUBJECT MATTER JURISDICTION)

Plaintiffs' Complaint lacks subject matter jurisdiction over any and all claims asserted under 35 U.S.C. § 271(a), (b), and/or (c), and for any and all claims asserted against Apotex Corp.

## ELEVENTH ADDITIONAL DEFENSE
### (FAILURE TO STATE A CLAIM FOR EXCEPTIONAL CASE)

Plaintiffs fail to state a proper claim for an exceptional case and/or willful infringement.

## <u>RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES</u>

Apotex reserves the right to plead additional affirmative defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Apotex, Inc. and Apotex Corp. (collectively "Apotex"), by way of its attorneys, hereby states for its Counterclaims against Plaintiffs/Counterclaim-Defendants Zogenix, Inc. and Zogenix International Ltd., ("Zogenix" or "Plaintiffs/Counterclaim-Defendants"), the following, without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without assuming the burden when such burden would otherwise be on Plaintiffs/Counterclaim-Defendants:

1.      This is an action for a declaratory judgment of non-infringement and invalidity of one or more claims of United States Patent Nos. 10,947,183 ("the '183 patent") and 10,950,331 ("the '331 patent"). Upon information and belief, true and correct copies of the '183 and '331 patents are attached to the Complaint as Exhibits A and B, respectively.

## THE PARTIES

2.      Apotex Inc. is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

3.      Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2400 North Commerce Parkway, Suite 400, Weston Florida, 33326.

4.      Upon information and belief, Zogenix, Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at 5959 Horton Street, Emeryville, CA 94608.

5.      Upon information and belief, Zogenix International Ltd. is a corporation organized and existing under the laws of the England and Wales and having a place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK.

6.      Upon information and belief, Zogenix International Ltd. is a wholly-owned subsidiary of Zogenix, Inc.   (Collectively "Zogenix" or "Plaintiffs" or "Counterclaim Defendants").

## JURISDICTION AND VENUE

7.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

8.      This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

9.      This court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Apotex and Plaintiffs/Counterclaim-Defendants arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

10.      This court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants based, *inter alia*, on the filing of this lawsuit in this jurisdiction and because Plaintiffs/Counterclaim-Defendants is incorporated in the State of Delaware and is doing business in this District.

11.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## FDA Approval of Brand Name Drugs – New Drug Applications ("NDAs")

12.      The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 et seq., as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (commonly known as the "Hatch-Waxman Amendments" or "Hatch-

Waxman Act" or "Hatch-Waxman "), and as further amended by the MMA, sets forth the rules that the U.S. Food and Drug Administration ("FDA") follows when considering whether to approve both brand-name and generic drugs.

13.     Under the FFDCA, as amended by Hatch-Waxman and the MMA, an applicant seeking to market a brand-name drug that has not been previously approved must prepare a New Drug Application ("NDA") for consideration by the FDA.  *See* 21 U.S.C. § 355.

14.     An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an unauthorized party.  *See* 21 U.S.C. §§ 355(b)(1), (c)(2); 21 C.F.R. §§ 314.53(b), (c)(2).

15.     Upon approval of the NDA, the FDA publishes patent information for the approved drug in its publication, "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book."  *See* 21 U.S.C. § 355(j)(7)(A)(iii).

**Generic Competition – Abbreviated New Drug Applications ("ANDAs")**

16.     In 1984, Congress enacted the Hatch-Waxman Amendments to the FFDCA. Congress passed Hatch-Waxman, which simplified the procedure for obtaining approval of generic drugs with the purpose of decreasing the price of pharmaceuticals through increased competition. Under Hatch-Waxman, a generic manufacturer submits what is called an Abbreviated New Drug Application ("ANDA").

17.     To receive approval of its ANDA, an applicant must, inter alia, show that its generic drug is "bioequivalent" to the Reference Listed Drug, the Orange Book listed drug identified as the drug product upon which the ANDA applicant relies upon in seeking approval of its ANDA. *See* 21 U.S.C. § 355(j)(4)(F); 21 C.F.R. § 314.3(b).

31

18.     When filing an ANDA seeking approval of a generic version of a drug listed in the Orange Book, the ANDA applicant must also "certify" that any patent information listed in the Orange Book does not preclude FDA approval of a generic version of the drug.  *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

19.     With certain exceptions not applicable here, when seeking FDA approval to market prior to patent expiration, an ANDA applicant can submit a so-called "Paragraph IV certification" asserting that, in the applicant's opinion and to the best of its knowledge, the listed patent is invalid, unenforceable, and/or will not be infringed.  *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

20.     An applicant submitting an ANDA containing a paragraph IV certification must notify both the patent holder and NDA-holder of its paragraph IV certification.  *See* 21 U.S.C. § 355(j)(2)(B).

21.     If the patent owner brings suit within 45 days of receiving the notice required by 21 U.S.C. § 355(j)(2)(B), the FDA cannot approve the ANDA for 30 months, unless the district court enters an order shortening that period.  *See* 21 U.S.C. § 355(j)(5)(B)(iii). Thus, patent owners have a significant financial incentive to file suit regardless of merit (or lack thereof).

22.     If the court hearing the infringement action rules before the expiration of the 30-month period that the patent is invalid, unenforceable, or not infringed, the FDA may approve the ANDA.  *See* 21 U.S.C. § 355(j)(5)(B)(iii).

23.     If the patent owner does not file such a suit, the ANDA applicant can file and maintain a suit for declaratory judgment against the NDA-holder/patent owner to obtain patent certainty.  Indeed, Congress explicitly mandated in the MMA amendments to the FFDCA and Hatch-Waxman that an ANDA applicant is entitled to bring and maintain a declaratory judgment action when it is not sued.  *See* 21 U.S.C. § 355(j)(5)(C); 35 U.S.C. § 271(e)(5).

24.     Under the MMA, an ANDA applicant who has filed a paragraph IV certification is statutorily entitled to institute and maintain an action for declaratory judgment against an NDA-holder/patent owner if: (1) the 45-day period has passed since notice of the paragraph IV certification was received; (2) neither the patent owner nor the NDA-holder brought an action for infringement of the patent within the 45-day period; and, (3) the notice of paragraph IV certification contains an Offer of Confidential Access to the ANDA if the applicant asserts non-infringement. *See* 21 U.S.C. §§ 355(j)(5)(C)(i)(I)(aa)-(cc).

25.     Once these three conditions are met, the MMA specifically and unequivocally provides that an ANDA applicant "may, in accordance with section 2201 of title 28 [of the United States Code] bring a civil action under such section against the owner or holder referred to in such subclause … for a declaratory judgment that the patent is invalid or will not be infringed by the drug for which the applicant seeks approval …" 21 U.S.C. § 355(j)(5)(C)(i)(II); *see also* 35 U.S.C. § 271(e)(5).

26.     An ANDA applicant may exercise its right to file and maintain a declaratory judgment action under the MMA regardless of whether or not the Offer of Confidential Access to the Application is accepted.

27.     The declaratory judgment provision contained in the MMA, Section 1101 of the MMA, 117 Stat. 2066, 2454-2456, applies to all ANDAs pending on or after December 8, 2003, which includes the ANDA at issue in these proceedings.

## FACTS COMMON TO ALL COUNTS

28.     Upon information and belief, on or about March 16, 2021, the USPTO issued the '183 patent.

29.     Upon information and belief, Plaintiff/Counterclaim-Defendant Zogenix International Ltd. is the assignee of the '183 patent.

30.     Upon information and belief, on or about Mach 16, 2021, the USPTO issued the '331 patent.

31.     Upon       information     and     belief,     Plaintiff/Counterclaim-Defendant Plaintiff/Counterclaim-Defendant Zogenix International Ltd. is the assignee of the '331 patent.

32.     Plaintiffs/Counterclaim-Defendants purport and claim to have the right to enforce the '183 and '331 patents, and have listed the '183 and '331 patents in Orange Book for FINTEPLA®.

33.     By listing the '183 and '331 patents in the Orange Book, Plaintiffs/Counterclaim-Defendants maintain that an infringement suit could be reasonably asserted against any sponsor of an ANDA, including Apotex, that attempts to seek approval for, and market, a generic version of Fintepla® before the expiration of the '183 and '331 patents.

34.     Apotex Inc. has filed ANDA No. 216108 with the FDA seeking approval for fenfluramine hydrochloride oral solution, 2.2 mg base/mL product solution ("Apotex Inc.'s ANDA Product"), identifying NDA 212102 as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3 ("Apotex Inc.'s ANDA").

35.     Because Apotex Inc.'s ANDA seeks FDA approval to market the product described within it before the expiration of the '183 and '331 patents listed in the Orange Book, Apotex Inc.'s ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (also called a "Paragraph IV Certification") to the '183 and '331 patents.

36.     Plaintiffs/Counterclaim-Defendants sued Apotex in this District for alleged infringement of the '183 and '331 patents.

## COUNT I

### (Declaratory Judgment of Invalidity of the '183 Patent)

37.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-36 as though fully set forth herein.

38.     There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiffs/Counterclaim-Defendants regarding, *inter alia,* the invalidity of the '183 patent.

39.     The claims of the '183 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.     The claims of the '183 Patent are invalid under 35 U.S.C. § 103 because they are obvious to a person of ordinary skill in the art, as set forth in Apotex's Notice Letter to Plaintiffs/Counterclaim-Defendants dated October 12, 2021, because each and every element of each and every claim of the '183 patent was disclosed expressly in one or more references and/or products, which were publicly available before the earliest possible priority date of the '183 patent, including, but not limited to, those references and/or products disclosed in Apotex's Notice Letter.

41.     A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest possible priority date of the '183 Patent, and would have had a reasonable expectation of success in doing so.

42.     There is no objective evidence of non-obviousness of the claims of the '183 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '183 patent.

43.     Apotex is entitled to a judicial declaration that the claims of the '183 patent are invalid.

44.     Apotex reserves the right to provide additional bases for invalidity of each claim of the '183 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '183 Patent)

45.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-44 as though fully set forth herein.

46.     There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiffs/Counterclaim-Defendants regarding, *inter alia*, non-infringement of the claims of the '183 patent.

47.     The manufacture, use, offer for sale, sale, importation, and/or marketing of product described in Apotex's ANDA has not infringed, does not infringe, and would not —if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '183 patent, either literally or under the doctrine of equivalents.

48.     Apotex is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the product described in Apotex's ANDA described in Apotex's ANDA has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '183 patent, either literally or under the doctrine of equivalents.

## COUNT III

### (Declaratory Judgment of Invalidity of the '331 Patent)

49.     Apotex  realleges and incorporates by reference the allegations of paragraphs 1-48 as though fully set forth herein.

50.     There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiffs/Counterclaim-Defendants regarding, *inter alia,* the invalidity of the '331 patent.

51.     The claims of the '331 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.     The claims of the '331 patent are invalid under 35 U.S.C. § 103 because they are obvious to a person of ordinary skill in the art, as set forth in Apotex's Notice Letter, because each and every element of each and every claim of the '331 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest possible priority date of the '331 patent, including, but not limited to, those references and/or products disclosed in Apotex's Notice Letter.

53.     A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest possible priority date of the '331 patent, and would have had a reasonable expectation of success in doing so.

54.     There is no objective evidence of non-obviousness of the claims of the '331 patent, nor would any such evidence, should it exist, have any nexus to the claimed purported inventions of the '331 patent.

55.     Apotex is entitled to a judicial declaration that the claims of the '331 patent are invalid.

56.     Apotex reserves the right to provide additional bases for invalidity of each claim of the '331 patent in its contentions, responses to discovery requests, expert reports or pleadings filed or served as this action progresses.

## COUNT IV

### (Declaratory Judgment of Non-Infringement of the '331 Patent)

57.      Apotex realleges and incorporates by reference the allegations of paragraphs 1-57 as though fully set forth herein.

58.      There is an actual, substantial, and continuing case or controversy between Apotex and the Plaintiffs/Counterclaim-Defendants regarding, *inter alia*, non-infringement of the claims of the '331 patent.

59.      The manufacture, use, offer for sale, sale, importation, and/or marketing of product described in Apotex's ANDA has not infringed, does not infringe, and would not —if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '331 patent, either literally or under the doctrine of equivalents.

60.      Apotex is entitled to a judicial declaration that the manufacture, use, offer for sale, sale, importation, and/or marketing of the product described in Apotex's ANDA described in Apotex's ANDA has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported or marketed—infringe, either directly or indirectly, any valid or enforceable claim of the '331 patent, either literally or under the doctrine of equivalents.

### PRAYER FOR RELIEF

WHEREFORE, Apotex respectfully prays for judgment in its favor and against Plaintiffs/Counterclaim-Defendants:

a. Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the product described in Apotex Inc.'s ANDA has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '183 patent either literally or under the doctrine of equivalents;

b. Declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the product described in Apotex Inc.'s ANDA has not infringed, does not infringe, and would not—if made, used, sold, offered for sale, imported, or

marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '331 patent either literally or under the doctrine of equivalents;

c.  Declaring that the claims of the '183 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq.* including, *inter alia*, §§ 102, 103, and 112;

d.  Declaring that the claims of the '331 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq.* including, *inter alia*, §§ 102, 103, and 112;

e.  Ordering that Plaintiffs'/Counterclaim-Defendants' Complaint be dismissed with prejudice and judgment entered in favor of Apotex;

f.  Declaring this case exceptional and awarding Apotex its reasonable attorneys' fees and costs under 35 U.S.C. § 285;

g.  Ordering that Plaintiffs/Counterclaim-Defendants, and their officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with them, be preliminarily and permanently enjoined from using the '183 patent to block, hamper, hinder or obstruct FDA approval of the product described in Apotex Inc.'s ANDA;

h.  Ordering that Plaintiffs/Counterclaim-Defendants, and their officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with them, be preliminarily and permanently enjoined from using the '331 patent to block, hamper, hinder or obstruct FDA approval of the product described in Apotex Inc.'s ANDA; and

i.  Awarding such other and further relief as the Court may deem just and proper.

Dated: January 3, 2022

*/s/ Cortlan S. Hitch*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants*
*Apotex Corp. and Apotex Inc.*